Charles M. Dyke (SBN 183900)
Sean T. Strauss (SBN 245811)
TRUCKER HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111
Telephone:     (415) 788-3111
Facsimile:     (415) 421-2017
E-mail:        cdyke@truckerhuss.com
               sstrauss@truckerhuss.com

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.,


Roberta H. Vespremi (SBN 225067)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:     415.442.1465
Facsimile:     415.442.1001
E-mail:        rvespremi@morganlewis.com

Attorneys for Defendant
THE VANGUARD GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOLITA MORADA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation; THE VANGUARD GROUP, INC.,; and DOES 1 to 100, Inclusive,<br><br>                    Defendants. | Case No. CV 13 5942<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §1441(a) (FEDERAL QUESTION)**<br><br>(Superior Court of the State of California, County of San Francisco, No. CGC-13-534455) |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

Defendants KAISER FOUNDATION HEALTH PLAN, INC. ("Kaiser") and THE

VANGUARD GROUP, INC. ("Vanguard") (collectively, the "Defendants") remove the above-

entitled action from the Superior Court of the State of California, County of San Francisco, in

Trucker + Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

1 which it is now pending, to the United States District Court for the Northern District of California,
2 San Francisco Division. The grounds for removal are set forth below.

3 **STATE COURT ACTION**

4 1. Defendants have been named in a civil action brought in the Superior Court of
5 California for the County of San Francisco entitled *Lolita Morada v. Kaiser Foundation Health*
6 *Plan, Inc., a California Corporation; The Vanguard Group Inc.; and Does 1 to 100, Inclusive,*
7 Case Number CGC-13-534455 (the "State Court Action"). Plaintiff Lolita Morada ("Plaintiff")
8 filed the State Court Action on September 24, 2013. Kaiser and Vanguard received the Complaint
9 from their authorized agents for service of process, both of whom were personally served on
10 November 25, 2013. True and correct copies of the Summons, Complaint, and papers
11 accompanying the Complaint that were received by Kaiser are attached hereto as **Exhibit A**.
12 Exhibit A constitutes all process, pleadings, and orders received by Kaiser in the State Court
13 Action. True and correct copies of the Summons, Complaint, and papers accompanying the
14 Complaint that were received by Vanguard are attached hereto as **Exhibit B**. Exhibit B constitutes
15 all process, pleadings, and orders received by Vanguard in the State Court Action. Defendants
16 have filed no papers or pleadings in the State Court Action.

17 **TIMELY FILING OF REMOVAL**

18 2. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because
19 it is filed not more than one year after the commencement of the State Court Action and is filed
20 within 30 days after the earliest date on which service of the Summons and Complaint on the
21 Defendants was completed. *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.
22 344, 354 (1999).

23 **FEDERAL QUESTION JURISDICTION**

24 3. This Court has original jurisdiction over this Action under 28 U.S.C. § 1331, and
25 Defendants may remove this State Court Action to this Court pursuant to the provisions of 28
26 U.S.C. § 1441(a), because the State Court Action arises under the Employee Retirement Income
27 Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff's Complaint
28 asserts the following claims:

Trucker + Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION 2

#124871

1        a.     Declaratory relief, the gravamen of which is a claim to clarify rights to

2  future benefits under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) (*see* Complaint

3  ¶ 46);

4        b.    Breach of fiduciary duty pursuant to ERISA § 404(a)(1)(B) (29 U.S.C.

5  § 1104(a)(1)(B) (*see* Complaint ¶ 51),

6        c.     Violation of ERISA § 502(c)(1)(B) (29 U.S.C. § 1132(c)(1)(B)) (*see*

7  Complaint ¶ 57);

8        d.    Other equitable relief, based on Defendants alleged violations of

9  "Subchapter I of Title 29, Chapter 18 of the United States Code," (Complaint ¶ 60); and

10        e.    Attorney's fees pursuant to ERISA § 502(g)(1) (29 U.S.C. § 1132(g)(1))

11  (*see* Complaint ¶ 62).

12                  **VENUE & INTRA-DISTRICT ASSIGNMENT**

13     4.     Venue lies in the Northern District of California, San Francisco Division, under 28

14  U.S.C. § 84(a) and 1441(a) because Plaintiff filed this Action in the Superior Court of the State of

15  California, County of San Francisco.

16                         **NOTICE**

17     5.     Promptly after filing this Notice of Removal, Kaiser shall give written notice to

18  Plaintiff of the filing of this Notice of Removal and shall, pursuant to 28 U.S.C. § 1446(d), file a

19  copy of such notice to Plaintiff with the Clerk of Superior Court for the State of California, County

20  of San Francisco.

21     6.     Kaiser is represented by the undersigned attorneys who certify, pursuant to Rule 11

22  of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

23     7.     Vanguard is represented by the undersigned attorneys who certify, pursuant to Rule

24  11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

25  DATED: December 23, 2013          TRUCKER ✦ HUSS

26

27                       By: /s/Charles M. Dyke
                                Charles M. Dyke

28                                 Attorneys for Defendant
                                KAISER FOUNDATION HEALTH PLAN, INC.,

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION         3

#124871

*Left margin:*
Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

DATED: December 23, 2013                    MORGAN, LEWIS & BOCKIUS LLP

By: /s/Roberta H. Vespremi
Roberta H. Vespremi
Attorneys for Defendant
THE VANGUARD GROUP, INC.

I attest that I have obtained Ms. Vespremi's concurrence in the filing of this document.

DATED: December 23, 2013

/s/Charles M. Dyke
Charles M. Dyke

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION                    4

#124871

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KAISER FOUNDATION HEALTH PLAN INC., a California
Corporation; THE VANGUARD GROUP, INC., and Does 1 to 100,Incl.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LOLITA MORADA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA | CASE NUMBER:<br>*(Número del Caso):* 13 - 5 3 4 4 5 5 |
|---|---|

County of San Francisco
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RODEL E. RODIS, ESQ. SBNO. 95965, 2429 Ocean Avenue, San Francisco, CA 94127  (415) 334-7800

| DATE:<br>*(Fecha)* SEP 2 4 2013 | CLERK OF THE COURT Clerk, by<br>*(Secretario)* D. STEPP | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):*<br>Kaiser Foundation Health Plan Inc., a |
| | 3. ☑ on behalf of *(specify):* California Corporation. |
| | under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RODEL E. RODIS, ESQ. (SBN 095965)
LAW OFFICES OF RODEL E. RODIS
2429 Ocean Ave.
San Francisco, CA 94127
Telephone: (415) 334-7800
Facsimile: (415) 334-7855

Attorney for Plaintiff
LOLITA MORADA

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2013 SEP 24 PM 3: 53

CLERK OF THE COURT
BY:_____
DEPUTY CLERK

J. STEPPE

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN FRANCISCO

| | |
|---|---|
| LOLITA MORADA, | Case No.: **CGC-13-534455** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. DECLARATORY RELIEF;** |
| | **2. BREACH OF FIDUCIARY DUTY;** |
| KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation; THE VANGUARD GROUP, INC.; and DOES 1 to 100, Inclusive, | **3. VIOLATION OF §502(c)(1) OF ERISA;** |
| | **4. OTHER EQUITABLE RELIEF;** |
| | **5. ATTORNEY'S FEES.** |
| Defendants. | |

COMES NOW Plaintiff, LOLITA MORADA, by and through undersigned counsel,

hereby complains against Defendants KAISER FOUNDATION HEALTH PLAN, INC., a

California Corporation, THE VANGUARD GROUP, INC., and DOES 1 to 100, inclusive, and

avers that:

## PRELIMINARY STATEMENT

1. The Employee Retirement Income Security Act of 1974 (ERISA) protects the interests of participants and their beneficiaries who depend on benefits from private employee benefit plans. ERISA sets standards for administering these plans, including a requirement that financial and other information be disclosed to plan participants and beneficiaries and requirements for the processing of claims for benefits under the plans.

2. Although some employee benefits plans are not covered by ERISA (such as church or government plans, etc.), any of the millions of participants and beneficiaries in employee benefit plans that fall under ERISA's protection have certain rights if their claim for benefits is denied. One such right is that the participant is entitled to be informed of the reason for the denial in writing in a manner that the participant can understand. It also must give the participant a reasonable opportunity for a full and fair review of the decision.

3. As will be shown hereunder, Plaintiff was never given a reasonable opportunity for a fair and full review of the decision which denied her claim.

4. Furthermore, under the ERISA , Defendants are considered fiduciaries of Plaintiff being the provider and service administrator respectively of Plaintiff's plan. As fiduciaries, Defendants failed to discharge their duties with the care, skill, prudence and diligence required under the circumstances which, among other causes, resulted into damages to Plaintiff.

////

////

////

////

## THE PARTIES

5. Plaintiff is now, and at all times relevant to this action, a resident of the County of San Francisco, State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant KAISER FOUNDATION HEALTH PLAN, INC. ("KAISER") is a California corporation with corporate address at One Kaiser Plaza, Oakland, CA 94612. Its agent for service of process is CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive Ste 150N, Sacramento, CA 95833.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant THE VANGUARD GROUP, INC. ("VANGUARD") is a corporation that does business in the State of California with known postal address at P.O. Box 2900, Valley Forge, PA 19482-2900.

8. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through Does 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

9. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in doing the things alleged herein below, was acting within the course and scope of such agency, employment and/or joint venture.

////

///

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

11. Plaintiff, who was 80 years old at the time the incident subject hereof occurred[1], began employment with Defendant KAISER on January 9, 1962 and retired on July 15, 1994.

12. On August 4, 1994, Plaintiff completed a Kaiser Permanente Tax Sheltered Annuity Plan (the "Plan") Option Request form electing to defer payment of Plaintiff's benefits until February 19, 2002.

13. On April 1, 2002, Plaintiff completed Defendant VANGUARD's Required Minimum Distribution Request Form requesting annual payments beginning on July 15, 2002. Defendant VANGUARD is believed and hereby alleged to be the Administrator or co-Administrator of the said Plan.

14. Plaintiff then began receiving Plan benefits (the "annual payment plan") in July 2002 and she continued to receive annual payments each July thereafter through July 2011.

15. In 2011, it was discovered that the Required Minimum Distribution Request Form which Plaintiff completed (see paragraph 13 above) with Defendant VANGUARD was invalid.

16. It was found to be invalid because according to the Defendants, and each of them, the participants of the Plan were offered distributions only in the form of installments and they were not offered - as required by law - the optional forms of benefit available under the Plan, including the normal form of benefit-annuity payments.

17. To remedy this error committed by Defendants, Defendant VANGUARD in August 2011 claims to have sent a notice to Plaintiff and offered her the opportunity to choose from

---

[1] Plaintiff's date of birth is February 19, 1932; she is already 81 years of age at the time of filing of this complaint.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    4

1   among the appropriate available forms of benefit such as the single lump sum, installments, or

2   annuity payments.

3       18. This notice was allegedly sent by United States mail to Plaintiff's address based on

4   the records of Defendants.

5

6       19. The notice allegedly stated that if Plaintiff did not want to have annuities purchased

7   for her as the default form of payment, she must return a new Required Minimum Distribution

8   Form to select another distribution option before September 30, 2011.

9       20. The notice allegedly also stated that if no response was received from Plaintiff, a

10  Single Life Annuity would then be purchased from an insurance company, and the participant's

11

12  account balance would not remain in the Plan at Defendant VANGUARD.

13      21. The notice allegedly explained that a Single Life Annuity for unmarried participants

14  or a Qualified 50% Joint and Survivor Annuity for married participants would be purchased for

15

16  Plaintiff.

17      22. Plaintiff did not receive the alleged notice claimed to have been sent to her address in

18  San Francisco because she was living abroad from July 18, 2011 until March 24, 2012.

19      23. It was further claimed by Defendants that a second notice was sent to Plaintiff in

20

21  September 2011 and a third notice was sent in October 2011, extending Plaintiff's deadline to

22  respond to November 25, 2011.

23      24. Plaintiff could not have possibly received the purported notices or respond by the

24  deadlines required in those notices because she was abroad during the period of time that the

25  notices were sent.

26

27  ////

28  ////

1    25. Defendants, and each of them, had access to other means of communicating with
2  Plaintiff such as electronic mail or email and had done so in past communications with Plaintiff
3
   but they failed to utilize such means of effecting communication with Plaintiff during this three-
4
5  month period in 2011.

6    26. On December 6, 2011, based on Plaintiff's supposed failure to respond by the
7  deadline date, Defendants purchased the default Qualified Joint and Survivor Annuity from
8
   MetLife using Plaintiff's account balance which already amounted to approximately
9
   $245,293.24.
10

11    27. Defendants claimed that this was done because Plaintiff did not respond to the notices
12  sent to her. Furthermore, the Qualified Joint and Survivor Annuity was purchased because
13  Plaintiff's records with Defendants indicated that she was married.

14    28. On March 26, 2012, and after Plaintiff returned from abroad and learned about the
15
   notice that was sent to her during her absence and when she further learned on the basis of an
16
17  email message from Defendants, or either of them, that Plaintiff's plan was converted to an
18  annuity, Plaintiff called up Defendant VANGUARD to inquire further and requested that the
19  annuity that was purchased be reversed to the former annual payment plan.

20    29. Defendant VANGUARD did not grant Plaintiff's request but instead explained why
21
22  the purchase of the annuity had occurred.

23    30. On March 29, 2012, Plaintiff called Defendant VANGUARD anew to request a
24  reversal of the annuity. Plaintiff further informed Defendant VANGUARD that her husband
25  passed away in 2010 - and Defendant Kaiser was notified of this fact – therefore, the Qualified
26  Joint and Survivor Annuity for married participants was inappropriate for her.
27

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    6

31. Shortly thereafter, Plaintiff's Qualified Joint and Survivor Annuity was switched to a Single Life Annuity.

32. On April 24, 2012, Plaintiff filed a Claim Initiation Form with Defendant KAISER which was the provider of the Plan.

33. On April 30, 2012, Defendant KAISER denied her claim for the reason that Plaintiff's form of payment was to be an annuity which was already purchased for Plaintiff because she did not make an appropriate election of another form of benefit.

34. On May 4, 2012, Plaintiff called Defendant VANGUARD and requested information concerning Plaintiff's beneficiaries.

35. Defendant VANGUARD responded that because Plaintiff was now receiving a single life annuity, no benefits were payable after her death and that therefore, no beneficiaries could be added to Plaintiff's annuity.

36. On May 14, 2012, Plaintiff called Defendant VANGUARD and requested for written verification of who Plaintiff's beneficiaries were while Plaintiff's account was with Defendant VANGUARD.

37. On May 30, 2012, Defendant VANGUARD responded that before the annuity transfer, Josephine Liberty Morada and Peter Bryan Morada, Plaintiff's daughter and son, respectively, were listed as equal primary beneficiaries but because the annuity does not provide for continued benefit payments to a beneficiary after Plaintiff's death, the beneficiaries were not carried over to the annuity.

38. Plaintiff on the same day appealed and requested Defendants, specifically Defendant KAISER as the provider of the Plan, to return or restore her account with Defendant

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    7

1 | VANGUARD in the amount of approximately $245,293.24 and that the beneficiary status of her

2 | two (2) children be reinstated.

3 | 39. On September 28, 2012, Defendant KAISER through the Chairperson of its Appeals

4 |
5 | Sub-Committee of the Kaiser Permanente Administrative Committee, Ms. L. Allyson Wolfe,

6 | determined that Plaintiff was properly defaulted into an annuity form and denied Plaintiff's

7 | appeal without even a formal hearing which would have at least afforded Plaintiff a reasonable

8 | opportunity for a full and fair review of the decision to deny her claim.

9 | 40. On April 29, 2013, Plaintiff sought the legal services of the undersigned attorney who

10 |
11 | sent a letter to Defendant KAISER requesting for copies of documents, records and other

12 | information relevant and to identify any documents or records that are protected or privileged in

13 | case these cannot be provided.

14 | 41. No response was ever received from Defendant KAISER and no documents, records

15 |
16 | or other information was ever sent to Plaintiff's undersigned attorney.

17 |

18 | ## FIRST CAUSE OF ACTION: DECLARATORY RELIEF
19 | ### (Against all Defendants)

20 | 42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

21 |
22 | fully set forth herein.

23 | 43. An actual controversy has arisen and now exists between Plaintiff and Defendants

24 | regarding their respective rights and duties in that Plaintiff contends that Defendants, and each of

25 | them, did not have the right to just change, convert or alter her Plan and purchase an annuity

26 |
27 | upon Defendant's mistaken, arbitrary and whimsical determination that Plaintiff defaulted in

28 | making an election.

44. Plaintiff requests that this Court find that the manner by which Plaintiff was determined by Defendants to have defaulted which became the basis of changing her Plan into an annuity be of no force and effect and nullified altogether and that Plaintiff's Plan and beneficiaries under the Plan be restored.

45. As a result of Defendants' actions, Plaintiff has suffered damages according to proof, and seeks declaratory relief that Defendants, and each of them, did not and do not have the right to have declared Plaintiff to have defaulted in making an election and in purchasing an annuity for her using the money in Plaintiff's account under the Plan.

46. Under the Employee Retirement Income Security Act of 1974, as amended, 29 USC § 1132 (a)(1)(B), a civil action may be brought – by a *participant* or beneficiary – to *recover benefits due to him under the terms of his plan*,or to *clarify his rights to future benefits under the terms of the plan*.

47. Plaintiff was actually placed in a disadvantageous position without her knowledge and consent but by alleged default in making a proper election because under the single life annuity purchased for her from MetLife by Defendants, and each of them; while she may still be entitled to receive benefits in the form of monthly payments under the annuity, her beneficiaries will not be receiving anything when she dies because under the terms of the annuity with MetLife, the annuity does not provide for continued benefit payments to a beneficiary or beneficiaries after Plaintiff's death. Under her former Plan, her beneficiaries will continue to receive benefits under the Plan after Plaintiff's demise.

48. Under the former Plan, Plaintiff was receiving approximately $12,000.00 per annum while under the single life annuity, Plaintiff was receiving approximately $24,000 per annum. While it may appear that Plaintiff was receiving more under the single life annuity, Plaintiff's

1 | primary concern was to leave the proceeds of her plan to her 2 children who were the

2 | beneficiaries under the former Plan.

3

4

5 | ## SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY
   ### (Against all Defendants)

6

7 | 49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

8 | fully set forth herein.

9

10 | 50. Defendants, and each of them, would be considered fiduciaries of the Plan being the

11 | provider and service administrator thereof.

12 | 51. According to 29 USC § 1104[2] (a)(1)(B) – a fiduciary shall discharge his duties with

13 | respect to a plan solely in the interest of the participants and beneficiaries and – with the *care,*

14 | *skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting*

15 |

16 | *in a like capacity and familiar with such matters would use in the conduct of an enterprise of a*

17 | *like character and with like aims.*

18 | 52. Defendants, and each of them, miserably failed to discharge their duties with such

19 | care, prudence and diligence expected of them under the circumstances since they failed to

20 | exhaust all reasonable means of even communicating with Plaintiff who they could have also

21 |

22 | reached via email but which they failed to do.

23 | 53. As a matter of fact, Plaintiff first discovered that her Plan was converted into an

24 | annuity when she received an email message from Defendant VANGUARD which goes to show

25 | and prove that Defendants, and each of them, knew Plaintiff's email address. There have also

26 |

27 |

28 | [2] Sections 1001 – 1461 of 29 USC is the chapter on the Employee Retirement Income Security Program

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES        10

1  been several other instances in the past that Plaintiff received email message from Defendants,

2  and each of them.

3      54. Defendants, and each of them, appeared to have acted with undue haste to convert

4

5  Plaintiff's Plan into an annuity which would have been more detrimental to Plaintiff considering

6  that beneficiaries would not be entitled to survive the principal plan holder who was Plaintiff.

7      55. Such breach of fiduciary duty to Plaintiff by Defendants, and each of them, caused

8  Plaintiff to suffer damages and prejudice in such amount to be proven at trial.

9

10

11              ### THIRD CAUSE OF ACTION: VIOLATION OF § 502(c)(1) OF ERISA
                            (Against Defendant KAISER)

12

13      56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

14  fully set forth herein.

15      57. Defendant KAISER violated § 502 (c)(1)(B) of ERISA, 29 USC §1132 (c)(1)(B) by

16

17  failing and refusing to comply with Plaintiff's requests coursed through undersigned counsel for

18  documents and information that is required to be furnished to a plan participant under ERISA.

19      58. Plaintiff is entitled to at least $100 a day after 30 days from the date of Defendant

20  KAISER's failure and refusal to comply with Plaintiff's request and such other relief as this

21

22  Court deems proper.

23

24              ### FOURTH CAUSE OF ACTION: OTHER EQUITABLE RELIEF

25      59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

26  fully set forth herein.

27

28

1    60. To the extent that Defendants violated any provision of Subchapter I of Title 29,

2    Chapter 18 of the United States Code, the Plaintiff is entitled to such other appropriate equitable

3    relief which the Court in the exercise of its sound discretion deems proper including but not

4

5    limited to an order to restore the Plan of Plaintiff before it was converted into an annuity and for

6    payment to Plaintiff of any past due amounts payable under her former Plan with prejudgment

7    interest with corresponding setoff of any amounts Plaintiff may have already received under the

8    current annuity that was forced upon her.

9

10

11              **FIFTH CAUSE OF ACTION: ATTORNEY'S FEES**
                **(Against all Defendants)**

12

13    61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

14    fully set forth herein.

15    62. To the extent that Defendants violated any provisions of Subchapter I of Title 29,

16    Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs

17    of this action pursuant to 29 USC §1132(g)(1).

18

19

20              **PRAYER FOR RELIEF**

21

22    WHEREFORE, Plaintiff LOLITA MORADA prays for the following relief as referenced

23    in each cause of action as follows:

24

25    *As to the First Cause of Action:*

26    1.  For Declaratory Relief, including but not limited to the following decrees of this

27        Court that:

28

. . . .

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    12

a. Plaintiff is the prevailing party;

b. The determination or finding by Defendants, and each of them, that Plaintiff defaulted in making an election and that her Plan be converted into an annuity be nullified and declared of no further force and effect;

c. The Plan of Plaintiff with Defendant KAISER before the conversion into an annuity be restored with full rights and benefits including but not limited to restoration of her beneficiaries into the Plan.

*As to the Second Cause of Action*:

2. That Plaintiff be awarded compensatory and general damages in an amount to be determined by proof at trial.

*As to the Third Cause of Action*:

3. That Plaintiff be awarded statutory damages of at least $100 a day beginning May 30, 2013 up to such time Defendant KAISER has complied with Plaintiff's request for documents and information.

*As to the Fourth Cause of Action*:

4. That Plaintiff be granted such other forms of equitable relief deemed just and proper.

*As to the Fifth Cause of Action*:

5. That Plaintiff be awarded attorney's fees and costs.

Dated: September 18, 2013

LAW OFFICES OF RODEL E. RODIS
Attorney for Plaintiff
LOLITA MORADA

by:

RODEL E. RODIS

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    13



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information,

## For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $60,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |

**1)** The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ Early Settlement Program of the Bar Association of San Francisco (BASF) - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ Mediation Services of BASF - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ Private Mediation - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ Judicial Arbitration - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ Other ADR process (describe) _____

**2)** The parties agree that the ADR Process shall be completed by (date): _____

**3)** Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  07/12          STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:  FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:  Time:  Dept.:  Div.:  Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7. Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:      f. Fax number:
e. E-mail address:      g. Party represented:
☐ Additional representation is described in Attachment 8.

**9. Preference**
☐ This case is entitled to preference *(specify code section):*

**10. Alternative dispute resolution (ADR)**
a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
   (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. Referral to judicial arbitration or civil action mediation *(if available).*
   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT; | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):*** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

▶

_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CASE NUMBER: CGC-13-534455  LOLITA MORADA VS. KAISER FOUNDATION HEALTH PLA

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **FEB-26-2014** | |
| **TIME:** | **10:30AM** | |
| **PLACE:** | **Department 610** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KAISER FOUNDATION HEALTH PLAN INC., a California
Corporation; THE VANGUARD GROUP, INC., and Does 1 to 100,Incl.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LOLITA MORADA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA

CASE NUMBER:
*(Número del Caso):* 13-534455

County of San Francisco
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RODEL E. RODIS, ESQ. SBNO. 95965, 2429 Ocean Avenue, San Francisco, CA 94127 (415) 334-7800

DATE: SEP 2 4 2013    CLERK OF THE COURT    Clerk, by ). STEPP , Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* The Vanguard Group, Inc.

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  RODEL E. RODIS, ESQ. (SBN 095965)
2  LAW OFFICES OF RODEL E. RODIS
   2429 Ocean Ave.
3  San Francisco, CA 94127
   Telephone: (415) 334-7800
4  Facsimile: (415) 334-7855
5
   Attorney for Plaintiff
6  LOLITA MORADA
7
8
9                    SUPERIOR COURT OF CALIFORNIA
10                    COUNTY OF SAN FRANCISCO
11
12
                                          CGC-13-534455
13  LOLITA MORADA,                    Case No.:
14                                    )
           Plaintiff,                 )  COMPLAINT FOR:
15                                    )
16  vs.                               )  1. DECLARATORY RELIEF;
                                      )  2. BREACH OF FIDUCIARY DUTY;
17  KAISER FOUNDATION HEALTH PLAN,    )  3. VIOLATION OF §502(c)(1) OF ERISA;
    INC., a California Corporation; THE )  4. OTHER EQUITABLE RELIEF;
18  VANGUARD GROUP, INC.; and DOES 1 to )  5. ATTORNEY'S FEES.
19  100, Inclusive,                   )
                                      )
20           Defendants.              )
                                      )
21  _____
22
           COMES NOW Plaintiff, LOLITA MORADA, by and through undersigned counsel,
23
24  hereby complains against Defendants KAISER FOUNDATION HEALTH PLAN, INC., a
25  California Corporation, THE VANGUARD GROUP, INC., and DOES 1 to 100, inclusive, and
26  avers that:
27
28

                    COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    1

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2013 SEP 24  PM 3: 53

CLERK OF THE COURT
BY:_____
DEPUTY CLERK

J. STEPP

## PRELIMINARY STATEMENT

1. The Employee Retirement Income Security Act of 1974 (ERISA) protects the interests of participants and their beneficiaries who depend on benefits from private employee benefit plans. ERISA sets standards for administering these plans, including a requirement that financial and other information be disclosed to plan participants and beneficiaries and requirements for the processing of claims for benefits under the plans.

2. Although some employee benefits plans are not covered by ERISA (such as church or government plans, etc.), any of the millions of participants and beneficiaries in employee benefit plans that fall under ERISA's protection have certain rights if their claim for benefits is denied. One such right is that the participant is entitled to be informed of the reason for the denial in writing in a manner that the participant can understand. It also must give the participant a reasonable opportunity for a full and fair review of the decision.

3. As will be shown hereunder, Plaintiff was never given a reasonable opportunity for a fair and full review of the decision which denied her claim.

4. Furthermore, under the ERISA , Defendants are considered fiduciaries of Plaintiff being the provider and service administrator respectively of Plaintiff's plan. As fiduciaries, Defendants failed to discharge their duties with the care, skill, prudence and diligence required under the circumstances which, among other causes, resulted into damages to Plaintiff.

////

////

////

////

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    2

## THE PARTIES

5. Plaintiff is now, and at all times relevant to this action, a resident of the County of San Francisco, State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant KAISER FOUNDATION HEALTH PLAN, INC. ("KAISER") is a California corporation with corporate address at One Kaiser Plaza, Oakland, CA 94612. Its agent for service of process is CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive Ste 150N, Sacramento, CA 95833.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant THE VANGUARD GROUP, INC. ("VANGUARD") is a corporation that does business in the State of California with known postal address at P.O. Box 2900, Valley Forge, PA 19482-2900.

8. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through Does 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

9. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in doing the things alleged herein below, was acting within the course and scope of such agency, employment and/or joint venture.

////

///

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    3

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

11. Plaintiff, who was 80 years old at the time the incident subject hereof occurred[1], began employment with Defendant KAISER on January 9, 1962 and retired on July 15, 1994.

12. On August 4, 1994, Plaintiff completed a Kaiser Permanente Tax Sheltered Annuity Plan (the "Plan") Option Request form electing to defer payment of Plaintiff's benefits until February 19, 2002.

13. On April 1, 2002, Plaintiff completed Defendant VANGUARD's Required Minimum Distribution Request Form requesting annual payments beginning on July 15, 2002. Defendant VANGUARD is believed and hereby alleged to be the Administrator or co-Administrator of the said Plan.

14. Plaintiff then began receiving Plan benefits (the "annual payment plan") in July 2002 and she continued to receive annual payments each July thereafter through July 2011.

15. In 2011, it was discovered that the Required Minimum Distribution Request Form which Plaintiff completed (see paragraph 13 above) with Defendant VANGUARD was invalid.

16. It was found to be invalid because according to the Defendants, and each of them, the participants of the Plan were offered distributions only in the form of installments and they were not offered - as required by law - the optional forms of benefit available under the Plan, including the normal form of benefit-annuity payments.

17. To remedy this error committed by Defendants, Defendant VANGUARD in August 2011 claims to have sent a notice to Plaintiff and offered her the opportunity to choose from

---

[1] Plaintiff's date of birth is February 19, 1932; she is already 81 years of age at the time of filing of this complaint.

1  among the appropriate available forms of benefit such as the single lump sum, installments, or

2  annuity payments.

3
4  18. This notice was allegedly sent by United States mail to Plaintiff's address based on

5  the records of Defendants.

6  19. The notice allegedly stated that if Plaintiff did not want to have annuities purchased

7  for her as the default form of payment, she must return a new Required Minimum Distribution

8  Form to select another distribution option before September 30, 2011.

9  20. The notice allegedly also stated that if no response was received from Plaintiff, a

10
11  Single Life Annuity would then be purchased from an insurance company, and the participant's

12  account balance would not remain in the Plan at Defendant VANGUARD.

13  21. The notice allegedly explained that a Single Life Annuity for unmarried participants

14  or a Qualified 50% Joint and Survivor Annuity for married participants would be purchased for

15
16  Plaintiff.

17  22. Plaintiff did not receive the alleged notice claimed to have been sent to her address in

18  San Francisco because she was living abroad from July 18, 2011 until March 24, 2012.

19  23. It was further claimed by Defendants that a second notice was sent to Plaintiff in

20
21  September 2011 and a third notice was sent in October 2011, extending Plaintiff's deadline to

22  respond to November 25, 2011.

23  24. Plaintiff could not have possibly received the purported notices or respond by the

24  deadlines required in those notices because she was abroad during the period of time that the

25  notices were sent.

26
27  ////

28  ////

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                5

25. Defendants, and each of them, had access to other means of communicating with Plaintiff such as electronic mail or email and had done so in past communications with Plaintiff but they failed to utilize such means of effecting communication with Plaintiff during this three-month period in 2011.

26. On December 6, 2011, based on Plaintiff's supposed failure to respond by the deadline date, Defendants purchased the default Qualified Joint and Survivor Annuity from MetLife using Plaintiff's account balance which already amounted to approximately $245,293.24.

27. Defendants claimed that this was done because Plaintiff did not respond to the notices sent to her. Furthermore, the Qualified Joint and Survivor Annuity was purchased because Plaintiff's records with Defendants indicated that she was married.

28. On March 26, 2012, and after Plaintiff returned from abroad and learned about the notice that was sent to her during her absence and when she further learned on the basis of an email message from Defendants, or either of them, that Plaintiff's plan was converted to an annuity, Plaintiff called up Defendant VANGUARD to inquire further and requested that the annuity that was purchased be reversed to the former annual payment plan.

29. Defendant VANGUARD did not grant Plaintiff's request but instead explained why the purchase of the annuity had occurred.

30. On March 29, 2012, Plaintiff called Defendant VANGUARD anew to request a reversal of the annuity. Plaintiff further informed Defendant VANGUARD that her husband passed away in 2010 - and Defendant Kaiser was notified of this fact – therefore, the Qualified Joint and Survivor Annuity for married participants was inappropriate for her.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
6

31. Shortly thereafter, Plaintiff's Qualified Joint and Survivor Annuity was switched to a Single Life Annuity.

32. On April 24, 2012, Plaintiff filed a Claim Initiation Form with Defendant KAISER which was the provider of the Plan.

33. On April 30, 2012, Defendant KAISER denied her claim for the reason that Plaintiff's form of payment was to be an annuity which was already purchased for Plaintiff because she did not make an appropriate election of another form of benefit.

34. On May 4, 2012, Plaintiff called Defendant VANGUARD and requested information concerning Plaintiff's beneficiaries.

35. Defendant VANGUARD responded that because Plaintiff was now receiving a single life annuity, no benefits were payable after her death and that therefore, no beneficiaries could be added to Plaintiff's annuity.

36. On May 14, 2012, Plaintiff called Defendant VANGUARD and requested for written verification of who Plaintiff's beneficiaries were while Plaintiff's account was with Defendant VANGUARD.

37. On May 30, 2012, Defendant VANGUARD responded that before the annuity transfer, Josephine Liberty Morada and Peter Bryan Morada, Plaintiff's daughter and son, respectively, were listed as equal primary beneficiaries but because the annuity does not provide for continued benefit payments to a beneficiary after Plaintiff's death, the beneficiaries were not carried over to the annuity.

38. Plaintiff on the same day appealed and requested Defendants, specifically Defendant KAISER as the provider of the Plan, to return or restore her account with Defendant

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    7

1  VANGUARD in the amount of approximately $245,293.24 and that the beneficiary status of her

2  two (2) children be reinstated.

3  39. On September 28, 2012, Defendant KAISER through the Chairperson of its Appeals

4
5  Sub-Committee of the Kaiser Permanente Administrative Committee, Ms. L. Allyson Wolfe,

6  determined that Plaintiff was properly defaulted into an annuity form and denied Plaintiff's

7  appeal without even a formal hearing which would have at least afforded Plaintiff a reasonable

8  opportunity for a full and fair review of the decision to deny her claim.

9
   40. On April 29, 2013, Plaintiff sought the legal services of the undersigned attorney who
10
11 sent a letter to Defendant KAISER requesting for copies of documents, records and other

12 information relevant and to identify any documents or records that are protected or privileged in

13 case these cannot be provided.

14
   41. No response was ever received from Defendant KAISER and no documents, records
15
16 or other information was ever sent to Plaintiff's undersigned attorney.

17

18          **FIRST CAUSE OF ACTION: DECLARATORY RELIEF**
                        (Against all Defendants)
19

20
   42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though
21
22 fully set forth herein.

23          43. An actual controversy has arisen and now exists between Plaintiff and Defendants

24 regarding their respective rights and duties in that Plaintiff contends that Defendants, and each of

25 them, did not have the right to just change, convert or alter her Plan and purchase an annuity

26
27 upon Defendant's mistaken, arbitrary and whimsical determination that Plaintiff defaulted in

28 making an election.

                    COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    8

44. Plaintiff requests that this Court find that the manner by which Plaintiff was determined by Defendants to have defaulted which became the basis of changing her Plan into an annuity be of no force and effect and nullified altogether and that Plaintiff's Plan and beneficiaries under the Plan be restored.

45. As a result of Defendants' actions, Plaintiff has suffered damages according to proof, and seeks declaratory relief that Defendants, and each of them, did not and do not have the right to have declared Plaintiff to have defaulted in making an election and in purchasing an annuity for her using the money in Plaintiff's account under the Plan.

46. Under the Employee Retirement Income Security Act of 1974, as amended, 29 USC § 1132 (a)(1)(B), a civil action may be brought – by a *participant* or beneficiary – to *recover benefits due to him under the terms of his plan,* or to *clarify his rights to future benefits under the terms of the plan.*

47. Plaintiff was actually placed in a disadvantageous position without her knowledge and consent but by alleged default in making a proper election because under the single life annuity purchased for her from MetLife by Defendants, and each of them, while she may still be entitled to receive benefits in the form of monthly payments under the annuity, her beneficiaries will not be receiving anything when she dies because under the terms of the annuity with MetLife, the annuity does not provide for continued benefit payments to a beneficiary or beneficiaries after Plaintiff's death. Under her former Plan, her beneficiaries will continue to receive benefits under the Plan after Plaintiff's demise.

48. Under the former Plan, Plaintiff was receiving approximately $12,000.00 per annum while under the single life annuity, Plaintiff was receiving approximately $24,000 per annum. While it may appear that Plaintiff was receiving more under the single life annuity, Plaintiff's

1   primary concern was to leave the proceeds of her plan to her 2 children who were the

2   beneficiaries under the former Plan.

3

4

5               **SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY**
                          **(Against all Defendants)**

6

7      49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

8   fully set forth herein.

9

10      50. Defendants, and each of them, would be considered fiduciaries of the Plan being the

11   provider and service administrator thereof.

12      51. According to 29 USC § 1104[2] (a)(1)(B) – a fiduciary shall discharge his duties with

13   respect to a plan solely in the interest of the participants and beneficiaries and – with the *care,*

14   *skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting*

15

16   *in a like capacity and familiar with such matters would use in the conduct of an enterprise of a*

17   *like character and with like aims*.

18      52. Defendants, and each of them, miserably failed to discharge their duties with such

19   care, prudence and diligence expected of them under the circumstances since they failed to

20

21   exhaust all reasonable means of even communicating with Plaintiff who they could have also

22   reached via email but which they failed to do.

23      53. As a matter of fact, Plaintiff first discovered that her Plan was converted into an

24   annuity when she received an email message from Defendant VANGUARD which goes to show

25   and prove that Defendants, and each of them, knew Plaintiff's email address. There have also

26

27

28     [2] Sections 1001 - 1461 of 29 USC is the chapter on the Employee
Retirement Income Security Program

                 COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES      10

1 | been several other instances in the past that Plaintiff received email message from Defendants,

2 | and each of them.

3
4 | 54. Defendants, and each of them, appeared to have acted with undue haste to convert

5 | Plaintiff's Plan into an annuity which would have been more detrimental to Plaintiff considering

6 | that beneficiaries would not be entitled to survive the principal plan holder who was Plaintiff.

7 | 55. Such breach of fiduciary duty to Plaintiff by Defendants, and each of them, caused

8 | Plaintiff to suffer damages and prejudice in such amount to be proven at trial.

9

10

11 | ## THIRD CAUSE OF ACTION: VIOLATION OF § 502(c)(1) OF ERISA
(Against Defendant KAISER)

12

13 | 56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

14 | fully set forth herein.

15

16 | 57. Defendant KAISER violated § 502 (c)(1)(B) of ERISA, 29 USC §1132 (c)(1)(B) by

17 | failing and refusing to comply with Plaintiff's requests coursed through undersigned counsel for

18 | documents and information that is required to be furnished to a plan participant under ERISA.

19 | 58. Plaintiff is entitled to at least $100 a day after 30 days from the date of Defendant

20 | KAISER's failure and refusal to comply with Plaintiff's request and such other relief as this

21

22 | Court deems proper.

23

24 | ## FOURTH CAUSE OF ACTION: OTHER EQUITABLE RELIEF

25 | 59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

26 | fully set forth herein.

27

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES      11

60. To the extent that Defendants violated any provision of Subchapter I of Title 29, Chapter 18 of the United States Code, the Plaintiff is entitled to such other appropriate equitable relief which the Court in the exercise of its sound discretion deems proper including but not limited to an order to restore the Plan of Plaintiff before it was converted into an annuity and for payment to Plaintiff of any past due amounts payable under her former Plan with prejudgment interest with corresponding setoff of any amounts Plaintiff may have already received under the current annuity that was forced upon her.

## FIFTH CAUSE OF ACTION: ATTORNEY'S FEES
### (Against all Defendants)

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. To the extent that Defendants violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 USC §1132(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LOLITA MORADA prays for the following relief as referenced in each cause of action as follows:

*As to the First Cause of Action*:

1. For Declaratory Relief, including but not limited to the following decrees of this Court that:

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES          12

a. Plaintiff is the prevailing party;

b. The determination or finding by Defendants, and each of them, that Plaintiff defaulted in making an election and that her Plan be converted into an annuity be nullified and declared of no further force and effect;

c. The Plan of Plaintiff with Defendant KAISER before the conversion into an annuity be restored with full rights and benefits including but not limited to restoration of her beneficiaries into the Plan.

*As to the Second Cause of Action*:

2. That Plaintiff be awarded compensatory and general damages in an amount to be determined by proof at trial.

*As to the Third Cause of Action*:

3. That Plaintiff be awarded statutory damages of at least $100 a day beginning May 30, 2013 up to such time Defendant KAISER has complied with Plaintiff's request for documents and information.

*As to the Fourth Cause of Action*:

4. That Plaintiff be granted such other forms of equitable relief deemed just and proper.

*As to the Fifth Cause of Action*:

5. That Plaintiff be awarded attorney's fees and costs.

Dated: September 18, 2013             LAW OFFICES OF RODEL E. RODIS
                                     Attorney for Plaintiff
                                     LOLITA MORADA

                         by:

                                     RODEL E. RODIS

 **Superior Court of California, County of San Francisco**
## Alternative Dispute Resolution
### Program Information Package


> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4 )

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information,

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at no cost one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | |
| | DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ Early Settlement Program of the Bar Association of San Francisco (BASF) - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ Mediation Services of BASF - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ Private Mediation - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ Judicial Arbitration - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ Additional signature(s) attached

ADR-2 07/12      STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO.: (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date: Time: Dept.: Div.: Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages, (if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. (If more than one party, provide the name of each party requesting a jury trial):

6. **Trial date**
a. ☐ The trial has been set for (date):
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

c. Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7. **Estimated length of trial**
The party or parties estimate that the trial will take (check one):
a. ☐ days (specify number):
b. ☐ hours (short causes) (specify):

8. **Trial representation** (to be answered for each party)
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:          f. Fax number:
e. E-mail address:          g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference (specify code section):

10. **Alternative dispute resolution (ADR)**
a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. Referral to judicial arbitration or civil action mediation (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption):

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement (name):
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other (specify):

Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
　　(1) Name of case:
　　(2) Name of court:
　　(3) Case number:
　　(4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate　will be filed by (name party):

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):
　　Party　　　　　　　　　　Description　　　　　　　　　　Date

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ►_____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY)

_____          ►_____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

CASE NUMBER: CGC-13-534455  LOLITA MORADA VS. KAISER FOUNDATION HEALTH PLA

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:  **FEB-26-2014**

TIME:  **10:30AM**

PLACE:  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.